**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF NEW YORK**

---------------------------------------------------------------X

| | |
|---|---|
| MAVA BENJAMIN, AMANDA DUGGER, MURIEL MITCHELL, RUDO WILLIAMS, | **INDEX NO.** **ECF CASE** |
| Plaintiffs, | **JURY TRIAL DEMANDED** |
| - against - | |
| THE CITY OF NEW YORK, a municipal entity, NYPD PO KYLE BROWN, and NEW YORK CITY POLICE OFFICERS "JOHN DOES 1-4", NEW YORK CITY POLICE SUPERVISORS "RICHARD ROE 1-4". | **COMPLAINT** |
| Defendants. | |

---------------------------------------------------------------X

Plaintiffs MAVA BENJAMIN, AMANDA DUGGER, MURIEL MITCHELL, RUDO WILLIAMS by their attorneys, WYLIE STECKLOW PLLC, complaining of the defendants, respectfully allege as follows:

**PRELMINARY STATEMENT**

1.      Plaintiffs MAVA BENJAMIN, AMANDA DUGGER, MURIEL MITCHELL, RUDO WILLIAMS, bring this action for compensatory damages, punitive damages and attorney's fees pursuant to 42 U.S.C. § 1983 and 42 U.S.C. § 1988 for violations of their civil rights, as said rights are secured by said statutes and the Constitutions of the State of New York and the United States.

2.      During the evening of December 21, 2018 into the early morning hours of December 22, 2018, Plaintiffs MAVA BENJAMIN, AMANDA DUGGER, MURIEL MITCHELL and RUDO WILLIAMS, were invited guests to a holiday party. The party was hosted by a local business owner and the party took place in the location of the business at 1119 Flatbush Avenue, in the County of Kings, State of New York. While plaintiffs were at the party, members of the NYPD arrived and began to demand identification from some of the party guests including the Plaintiffs. Plaintiffs verbally objected to the police request to provide identification

due to their status as invited guests at a holiday party. They were each retaliated against due to their verbal objections to provide identification. Such retaliation including false detention and false arrest with charges that these invited guests were working at the party. Each of the plaintiffs have had their criminal cases dismissed. In sum, Plaintiffs bring this action in a quest for answers as to why they were falsely arrested and subjected to prosecution in the absence of criminal conduct.

## JURISDICTION

3. This action is brought pursuant to 42 U.S.C. §§ 1983 and 1988, and the Fourth and Fourteenth Amendments to the United States Constitution. Jurisdiction is conferred upon this Court by 28 U.S.C. §§ 1331, 1343(3) and (4) and the aforementioned statutory and constitutional provisions.

4. Plaintiffs MAVA BENJAMIN, AMANDA DUGGER, MURIEL MITCHELL, RUDO WILLIAMS further invoke this Court's supplemental jurisdiction, pursuant to 28 USC. § 1367, over any and all State law claims and causes of action which derive from the same nucleus of operative facts and are part of the same case or controversy that gives rise to the federally based claims and causes of action.

## VENUE

5. Venue is proper for the United States District Court for the Eastern District of New York, pursuant to 28 U.S.C. § 1391(a), (b), and (c) and § 1402(b) because the claims arose in this district.

## JURY DEMAND

6. Plaintiffs MAVA BENJAMIN, AMANDA DUGGER, MURIEL MITCHELL, RUDO WILLIAMS respectfully demand a trial by jury of all issues in this matter pursuant to Fed. R. Civ. P. 38(b).

## THE PARTIES

7. Plaintiff MAVA BENJAMIN is an African-American female, an American citizen and is currently a resident of Kings County, New York.

8. Plaintiff AMANDA DUGGER is an African-American female, an American citizen and is currently a resident of Kings County, New York.

9. Plaintiff MURIEL MITCHELL is an African-American female, an American citizen and is currently a resident of Kings County, New York.

10. Plaintiff RUDO WILLIAMS is an African-American male who is currently a resident of California.

11. Defendant THE CITY OF NEW YORK was and is a municipal corporation duly organized and existing under and by virtue of the laws of the State of New York.

12. Defendant THE CITY OF NEW YORK maintains the New York City Police Department, a duly authorized public authority and/or police department, authorized to perform all functions of a police department as per the applicable sections of the New York State Criminal Procedure Law, acting under the direction and supervision of the aforementioned municipal corporation, CITY OF NEW YORK.

13. Defendant NYPD Police Officer KYLE BROWN is a sworn police officer of the New York Police Department and was acting under the supervision of said department and according to his official duties.

14. That at all times hereinafter mentioned, the Defendant New York City Police Officers "John Does 1-4" (individually, "One of the Defendant 'John Doe' POLICE OFFICERS"; collectively, " the Defendant 'John Doe' POLICE OFFICERS"), were duly sworn police officers of said department and were acting under the supervision of said department and according to their official duties.

15. That at all times hereinafter mentioned, the Defendant New York City Police Officers "Richard Roes 1-4", were duly sworn police officers of said department and were acting as supervisors of Defendant PO KYLE BROWN and the NYPD JOHN DOE defendant officers.

16. One of the Defendant "RICHARD ROE" SUPERVISING POLICE OFFICERS is believed to be named Detective Epson.

17. That at all times relevant to this action, the Defendant Police Officers including Defendant PO KYLE BROWN, Defendants POLICE OFFICERS JOHN DOES 1-4, and Defendants SUPERVISING POLICE OFFICERS RICHARD ROES 1-4 (collectively "Defendant POLICE OFFICERS") either personally or through their employees, were acting under color of state law and/or in compliance with the official rules, regulations, laws, statutes, customs, usages and/or practices of the State or City of New York.

18. Each and all of the acts of the Defendant POLICE OFFICERS alleged herein were done by said defendants while acting within the scope, and in furtherance, of their employment by defendant THE CITY OF NEW YORK.

## FACTS COMMON TO ALL PLAINTIFFS AND CLAIMS

19. The events described herein began on or about the late evening of December 21, 2018 into the early hours of December 22, 2018.

20. At that time, Plaintiffs were attending a holiday party hosted by a local business owner in her retail store.

21. Each Plaintiff was an invited guest to the holiday party.

22. At some point close to midnight, members of the NYPD arrived at the location, including the Defendant officers.

23. The Defendant Officers encountered the Plaintiffs at the holiday party.

24. The Defendant Officers unlawfully detained the Plaintiffs.

25. The Defendant Officers, without proper cause or sufficient suspicion, demanded that the Plaintiffs each produce identification.

26. The Plaintiffs objected to this request, voiced their dissatisfaction both (i) with being detained and (ii) with the demand for their identification at a private holiday party.

27. Eventually, without the benefit of an explanation from the Defendant officers, each Plaintiff produced identification for the Defendant officers.

28. The Defendant officers punitively penalized the Plaintiffs for requesting an explanation for the need to produce identification and arrested the Plaintiffs.

29. At or around this time, the Defendant Police Officers performed searches of Plaintiffs. The female plaintiffs were searched by male officers, including Defendant Kyle Brown.

30. No contraband of any sort was found or recovered from Plaintiffs.

31. No warrants were outstanding for any of the Plaintiffs.

32. There was no reasonable suspicion or probable cause for detaining the Plaintiffs.

33. There was no reasonable suspicion or probable cause to seek identification from the Plaintiffs.

34. The Defendant officers sought to cover up their bad conduct - of falsely arresting the Plaintiffs - by claiming the Plaintiffs were not attending the holiday party but were working at the holiday party.

35. Many Defendant Officers, including John Doe and Richard Roe defendants, were close enough to the interactions between the arresting police officers and the Plaintiffs to understand that the Plaintiffs were not involved in criminal conduct.

36. Many Defendant Officers, including John Doe and Richard Roe defendants, observed that the Plaintiffs were not working at the event but were there solely as attendees.

37. Many Defendant Officers, including John Doe and Richard Roe defendants, observed the wrongful detainment of the Plaintiffs and were close enough to the interaction between the Defendant officers arresting Plaintiffs, that these other Defendant Officers had the ability to observe the interaction, and could have stopped the false detainment and false arrest of the Plaintiffs.

38. No Defendant Officer intervened to stop the false detainment and false arrest of the Plaintiffs.

39. No Defendant Officer intervened to stop the Defendant officers from providing false information to the District Attorney's office.

40. A supervising defendant Richard Roe Officer observed the interactions and subsequently signed off on the paperwork that included the false allegations provided by the NYPD Defendant officers to the District Attorney of Kings County.

41. The Defendant officers provided false information to the District Attorney of Kings County.

42. This false information led to a further liberty deprivation to each plaintiff, including the requirement that they each appear for criminal court at a later date.

43. The false information included, but was not limited to, alleging that Plaintiff Rudo Williams was a bouncer and doorman at the holiday party.

44. The false information included, but was not limited to, alleging that Plaintiff Amanda Dugger was a host and server at the holiday party.

45. The false information included, but was not limited to, alleging that Plaintiff Mava Benjamin was a host at the holiday party.

46. The false information included, but was not limited to, alleging that Plaintiff Muriel Mitchell was a server at the holiday party.

47. No cause existed to detain the Plaintiffs.

48. No cause to arrest the Plaintiffs was presented in the course of this encounter.

49. On information and belief, Plaintiffs were transported from the location of the holiday party to the 70th Precinct.

50. When the Plaintiffs arrived at the precinct they were each searched.

51. No warrant existed to justify any or all of these searches.

52. Plaintiffs had already been searched by police at the scene of their arrest, and no contraband was found.

53. The Defendant POLICE OFFICERS who conducted these searches had no reasonable cause to believe that further searches would uncover contraband on the persons of any of the Plaintiffs.

54. Defendant POLICE OFFICERS had arrested Plaintiffs in the absence of probable cause.

55. As a result of the foregoing, Plaintiffs MAVA BENJAMIN, AMANDA DUGGER, MURIEL MITCHELL, and RUDO WILLIAMS sustained, inter alia, mental injuries, emotional distress, embarrassment, loss of property, damage of property, humiliation, and deprivation of their constitutional rights.

## FIRST CLAIM FOR RELIEF
## DEPRIVATION OF FEDERAL CIVIL RIGHTS UNDER 42 U.S.C. § 1983

(Against All Defendants)

56. Plaintiffs repeat, reiterate and re-allege each and every allegation contained in the above paragraphs with the same force and effect as if fully set forth herein.

57. All of the aforementioned acts of the Defendant CITY, and the Defendant POLICE OFFICERS, and their agents, servants and employees, were carried out under the color of state law.

58. All of the aforementioned acts deprived Plaintiffs MAVA BENJAMIN, AMANDA DUGGER, MURIEL MITCHELL and RUDO WILLIAMS of the rights, privileges and immunities guaranteed to citizens of the United States by the First, Fourth, Fifth, Eighth and Fourteenth Amendments to the Constitution of the United States of America, and in violation of 42 U.S.C. § 1983.

59. The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers, with all of the actual and/or apparent authority attendant thereto.

60. The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers, pursuant to the customs, usages, practices, procedures, and the rules of the City of New York and the New York City Police Department, all under the supervision of ranking officers of said department.

61. The Defendant POLICE OFFICERS, and Defendant CITY OF NEW YORK, collectively and individually, while acting under color of state law, engaged in Constitutionally-violative conduct that constituted a custom, usage, practice, procedure or rule of the respective municipality/authority, which is forbidden by the Constitution of the United States.

62. As a result of the above constitutionally impermissible conduct, Plaintiffs MAVA BENJAMIN, AMANDA DUGGER, MURIEL MITCHELL and RUDO WILLIAMS were caused to suffer personal injuries, violation of their civil rights, emotional distress, anguish, anxiety, fear, humiliation, loss of freedom, and loss of wages, and damage to their reputations and standings within their communities.

63. As a result of Defendants' impermissible conduct, Plaintiffs MAVA BENJAMIN, AMANDA DUGGER, MURIEL MITCHELL and RUDO WILLIAMS demand judgment against Defendants in a sum of money to be determined at trial.

## SECOND CLAIM FOR RELIEF
## FALSE ARREST UNDER 42 U.S.C. § 1983

(Against All Defendants)

---

64. Plaintiff Plaintiffs MAVA BENJAMIN, AMANDA DUGGER, MURIEL MITCHELL and RUDO WILLIAMS repeat, reiterate, and re-allege each and every allegation contained in the above paragraphs with the same force and effect as if fully set forth herein.

65. As a result of the aforesaid conduct by Defendants, Plaintiffs MAVA BENJAMIN, AMANDA DUGGER, MURIEL MITCHELL and RUDO WILLIAMS were subjected to illegal, improper and false arrests by the Defendants and taken into custody and caused to be falsely imprisoned, detained and confined without any probable cause, privilege or consent.

66. As a result of the above constitutionally impermissible conduct, Plaintiff Plaintiffs MAVA BENJAMIN, AMANDA DUGGER, MURIEL MITCHELL and RUDO WILLIAMS were caused to suffer personal injuries, violation of their civil rights, emotional distress, anguish, anxiety, fear, humiliation, loss of freedom, loss of wages and damage to their reputations and standing within their communities.

67. As a result of Defendants' impermissible conduct, Plaintiffs MAVA BENJAMIN, AMANDA DUGGER, MURIEL MITCHELL and RUDO WILLIAMS demand judgment against Defendants in a sum of money to be determined at trial.

## THIRD CLAIM FOR RELIEF
### FAILURE TO INTERVENE UNDER 42 U.S.C. §1983
(Against All Defendants but the Arresting Officers)

68. Plaintiffs MAVA BENJAMIN, AMANDA DUGGER, MURIEL MITCHELL and RUDO WILLIAMS repeat, reiterate, and re-allege each and every allegation contained in the above paragraphs with the same force and effect as if fully set forth herein.

69. The Defendant POLICE OFFICERS, and Defendant CITY OF NEW YORK had an affirmative duty to intervene on the Plaintiffs' behalf to prevent the violation of their constitutional rights.

70. The Defendant POLICE OFFICERS failed to intervene on Plaintiffs MAVA BENJAMIN, AMANDA DUGGER, MURIEL MITCHELL, RUDO WILLIAMS behalf in order to prevent the violation of their constitutional rights despite having had a realistic opportunity to do so.

71. The Defendant POLICE OFFICERS failed to intervene on Plaintiffs' MAVA BENJAMIN, AMANDA DUGGER, MURIEL MITCHELL, RUDO WILLIAMS behalves in order to prevent the violation of their constitutional rights despite having substantially contributed to the circumstances within which the Plaintiffs' rights were violated by their affirmative conduct.

72. The Defendant POLICE OFFICERS failed to intervene on Plaintiffs MAVA BENJAMIN, AMANDA DUGGER, MURIEL MITCHELL, RUDO WILLIAMS behalves in order to prevent the violation of the Plaintiffs' constitutional rights despite the Defendant POLICE OFFICERS awareness that the Plaintiffs' rights were being violated.

73. As a result of the aforementioned conduct of the individual defendants, Plaintiff Plaintiffs MAVA BENJAMIN, AMANDA DUGGER, MURIEL MITCHELL, RUDO WILLIAMS' constitutional rights were violated.

74. As a result of the above constitutionally impermissible conduct, Plaintiffs MAVA BENJAMIN, AMANDA DUGGER, MURIEL MITCHELL, RUDO WILLIAMS were caused to suffer personal injuries, violation of their civil rights, emotional distress, anguish, anxiety, fear, humiliation, loss of freedom, loss of wages, and damage to their reputations and standings within their communities.

75. As a result of Defendants' impermissible conduct, Plaintiff Plaintiffs MAVA BENJAMIN, AMANDA DUGGER, MURIEL MITCHELL, RUDO WILLIAMS demand judgment against Defendants in a sum of money to be determined at trial.

## FOURTH CLAIM FOR RELIEF
### RETALIATION FOR FIRST AMENDMENT PROTECTED EXPRESSION
(Against All Defendants)

76. Plaintiffs repeat, reiterate and reallege each and every allegation contained in the above paragraphs with the same force and effect as if fully set forth herein.

77. On or about December 20-21, 2018, in the County of Kings, and the City and State of New York, the Plaintiffs were unlawfully detained and falsely arrested and otherwise injured without justification by police officers of the City of New York, including but not limited to the Defendant POLICE OFFICERS.

78. Prior to the Defendants' intrusion, the Plaintiffs and others were enjoying a holiday party.

79. The Defendant POLICE OFFICERS entered said party, unlawfully detained and demanded identification from Plaintiffs.

80. Each Plaintiff verbally objected and otherwise complained to the Defendant officers and others to the request for identification.

81. Eventually each Plaintiff provided such identification to the Defendant officers and others.

82. The Defendant POLICE OFFICERS had entered said party, unlawfully detained and falsely arrested Plaintiffs without a warrant.

83. The Defendant POLICE OFFICERS entered said party, unlawfully detained and falsely arrested Plaintiffs without cognizable legal justification.

84. Upon information and belief, Defendants did not arrest, proffer charges or otherwise assert claims of wrongdoing upon other invited guests of the party who did not verbally object or otherwise complain about being asked to produce identification

85. Thereafter, the Plaintiffs were falsely accused of various charges and offenses and were taken into Police custody and detained against their will.

86. That the above described criminal charges were a pretext intended to punish and otherwise retaliate against the Plaintiffs for verbally objecting and otherwise complaining about the request for identification.

87. In unlawfully detaining and falsely arresting the Plaintiffs in retaliation for their verbal objections and complaints to being asked to produce identification, the Defendants violated the Plaintiffs' right to free speech and right to assemble as guaranteed by the First Amendment to the United States Constitution.

88. As a direct and proximate result of these actions, Plaintiffs have been damaged by loss of reputation and goodwill among their associates and members of the general public.

89. As a direct and proximate result of these actions, Plaintiffs have been damaged by the need to expend time, effort, and money in their own legal defenses.

90. As a direct and proximate result of these actions, Plaintiffs been damaged by the need to expend time, effort, and money in order to attempt to restore their reputations and goodwill among their associates and among the general public.

91. Defendants' actions were undertaken under the color of law and would not have existed but for the Defendant POLICE OFFICERS using their official power.

92. As a result of Defendants' impermissible conduct, Plaintiffs demand judgment against Defendants in a sum of money to be determined at trial.

WHEREFORE and in light of the foregoing, it is respectfully requested that the Court assume jurisdiction and:

[a] Invoke pendent party and pendent claim jurisdiction.

[b] Award appropriate compensatory and punitive damages.

[c] Award appropriate declaratory and injunctive relief.

[d] Empanel a jury.

[e] Award attorney's fees and costs.

[f] Award such other and further relief as the Court deems to be in the interest of justice.

DATED:   New York, New York
         May 6, 2020

Respectfully submitted,

_____
Wylie M. Stecklow, Esq.
WYLIE STECKLOW PLLC
233 Broadway, Suite 820
New York, New York 10279
[212] 566-8000
[212] 202-4952/FAX
ECF@WYLIELAW.COM
ATTORNEYS FOR PLAINTIFFS